UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BETTY JIMERSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:15 CV 178 |
| | ) |
| CRYSTAL JONES HARRIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motions to dismiss. For the reasons identified below, defendant Monumental Life Insurance Company's ("Monumental")[1] motion to dismiss (DE # 31) will be granted, and defendant Crystal Jones Harris' ("Harris") motion to dismiss (DE # 37) will be denied.

**I.     INTRODUCTION**

Plaintiffs' amended complaint (DE # 27) alleges that, after the death of their mother in 1995, they were placed in the custody of Harris, their aunt. (DE # 27 at 1.) At the time, plaintiffs were minors. (*Id.*) A settlement agreement on behalf of plaintiffs was reached with the South Pacific Transportation Company, Union Pacific Railroad, and the County of San Bernadino, California, in 1997. (*Id.*) The settlement agreement called for payments of $5,000 to be paid to each of the plaintiffs for a period of four years, beginning in 2005, and a lump sum payment to each plaintiff in the amount of $25,000

---

[1] Monumental Life Insurance Company is now TransAmerica Premier Life Insurance Company (*see* DE # 36); however, for purposes of clarity this motion will continue to refer to this defendant as Monumental.

to be paid in 2012. (*Id.*) These payments were to be made by defendant Monumental. (*Id.*) According to plaintiffs, they were unaware of the settlement, and the settlement proceeds, until May 2013. Plaintiffs allege that Harris intentionally exercised unauthorized control over the settlement proceeds without their knowledge or consent. (*Id.* at 3.) Plaintiffs claim that they never received any portion of the settlement proceeds. (*Id.*)

Plaintiffs filed their amended complaint on June 6, 2017. (DE # 27.) On July 25, 2017, Monumental filed a motion to dismiss arguing that it must be dismissed from this action because the amended complaint does not contain any allegations against it. (DE ## 31, 32.) Plaintiffs did not respond to Monumental's motion to dismiss. On August 3, 2017, Magistrate Judge John Martin held a Rule 16 preliminary pretrial conference with the parties. Magistrate Judge Martin granted Harris until August 31, 2017, to file a Rule 12(b) motion to dismiss for improper service. (DE # 34.) On November 6, 2017, Harris filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (DE # 37.) On December 8, 2017, plaintiffs filed a response to Harris' motion to dismiss. (DE # 40.)

II.  **LEGAL STANDARD**

Defendants have moved to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and

draw all inferences in favor of the non-movant. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. ANALYSIS

#### A. *Monumental's Motion to Dismiss*

Plaintiffs failed to respond to Monumental's motion to dismiss. Failure to respond to an argument presented in a motion to dismiss results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("The silence resulting from [plaintiffs'] failure to file a response brief is deafening."). *See also County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir.2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). Thus, plaintiffs have waived any argument they may have had in opposition to the motion.

Moreover, even if plaintiffs had responded, Monumental would nevertheless be entitled to dismissal from this case. It is well established that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption. *See Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir.1998). Here, the amended complaint's sole

3

allegation against Monumental is that it was responsible for issuing the settlement payments. This allegation alone does not state a claim for relief against Monumental. Because plaintiffs do not allege any wrong-doing on the part of Monumental, its motion to dismiss (DE # 31) will be granted.

  B. *Harris' Motion to Dismiss*

Plaintiffs did respond to Harris' motion to dismiss. In their response, plaintiffs argue that, pursuant to Federal Rule of Civil Procedure 12(d), Harris' motion automatically converted to a motion for summary judgment because the motion included documents outside of the pleadings. Plaintiffs misunderstand the rule. Rule 12(d) provides that a Rule 12(b)(6) motion must be treated as a motion for summary judgment if "matters outside the pleadings are presented to *and not excluded by the court*. . . ." Fed. R. Civ. P. 12(d) (emphasis added). Thus, it is within the discretion of this court to either consider the affidavits attached to Harris' motion and construe her motion as a motion for summary judgment, or exclude those documents from consideration and proceed pursuant to Rule 12. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). It is plain that Harris, a *pro se* litigant, intended to file her motion pursuant to Rule 12. Therefore, the court elects to exclude from consideration any document outside of the amended pleadings and consider the motion pursuant to Rule 12.

Pursuant to Rule 12, Harris' motion to dismiss will be denied as untimely. Harris' motion was filed five months after plaintiffs filed their amended complaint. Furthermore, while Magistrate Judge Martin granted Harris additional time to file a

4

motion to dismiss based on improper service, Harris' motion was not filed within that deadline and did not raise issues regarding service of process. Harris did not have leave to file her motion to dismiss and therefore it will be denied as untimely. *See Hoeft v. Clark*, 401 F. App'x 115, 116 (7th Cir. 2010) (district court did not abuse discretion in striking *pro se* litigant's untimely dispositive motion); *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis.*, 991 F.2d 1249, 1257 (7th Cir. 1993) ("[A] 'decision to disregard all materials submitted after a reasonable filing deadline is certainly not an abuse of discretion.'" (quoting *Pfeil v. Rogers*, 757 F.2d 850, 858 (7th Cir. 1985))).

### IV. CONCLUSION

For these reasons, the court **GRANTS** defendant Monumental's motion to dismiss (DE # 31); **DENIES** Harris' motion to dismiss (DE # 37); and **GRANTS** Harris until January 26, 2018, to file an answer to plaintiffs' amended complaint (DE # 27).

**SO ORDERED.**

Date: January 5, 2018

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT